FILED
COURT OF APPEALS
DIVISION II

2013 SEP 24 AM 9:28

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43236-6-II |
| Respondent, | |
| v. | |
| FARRELL JEFF GORDON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Farrell Jeff Gordon appeals his conviction on two counts of unlawful possession of a controlled substance. He claims that he received ineffective assistance of counsel because his attorney failed to investigate whether he had valid prescriptions for the controlled substances. Because the record does not demonstrate that Gordon timely told his trial attorney that he had valid prescriptions, and because a valid prescription defense is inconsistent with Gordon's declared unwitting possession defense, Gordon fails to show ineffective assistance of counsel. We affirm.

## FACTS

In March 2011, Kelly Stancil, Gordon's girl friend, found Gordon slumped over in her car, drooling and incoherent. As a result, Stancil took Gordon to Tacoma General Hospital.

Meanwhile, Community Corrections Officer Donald Feist, Gordon's parole officer, visited Gordon's house to contact him. Other residents at Gordon's house told Officer Feist that Stancil had taken him to the hospital. At the hospital, Officer Feist noticed that Gordon appeared to be under the influence of drugs or alcohol. Because Gordon's community conditions required

that he not consume alcohol or drugs without a valid prescription, Officer Feist took him into custody. In Gordon's pocket, Officer Feist found a small baggy containing Clonazepam and Alprazolam,[1] and Gordon had not reported either of these prescription medications to Officer Feist. The State charged Gordon with two counts of unlawful possession of a controlled substance, RCW 69.50.4013(1).

The trial court initially assigned Travis Currie to represent Gordon. With Currie's assistance, Gordon stated in a pretrial omnibus order that he would present an "unwitting possession" defense. 4 Verbatim Report of Proceedings at 271.

But in August 2011, Gordon prepared and filed a motion declaring that Currie was ineffective because Currie failed to investigate other valid defenses; and, Gordon asserted that Currie did not sufficiently communicate with him about his case. Without finding Currie to be ineffective but allowing his withdrawal in the administration of justice, the trial court eventually appointed Edward Nelson to replace Currie, and Nelson unsuccessfully undertook plea negotiations on Gordon's behalf.

At a combined pretrial CrR 3.5 and 3.6 hearing on January 23, 2012, as well as at trial that same day, Officer Feist testified that Gordon had never indicated or reported—as would have been required as a condition of his parole—that he had valid Clonazepam or Alprazolam prescriptions. At the end of the trial proceedings on January 23, outside the jury's presence, the State inquired whether Gordon intended to present a valid prescription defense and, with Gordon present, Nelson stated that he had no such intention. But the following day, the last day of the evidentiary portion of trial, Gordon brought to court photocopies of prescription pill bottles, and

---

[1] These drugs are commonly known as Clonopin and Xanax.

he sought to admit them. Because the photocopies could not be authenticated, the trial court ruled them inadmissible. The trial court did, however, permit Gordon to testify regarding his prescription history, though without reference to the photocopies that he had produced. Gordon testified that doctors had prescribed him many medications, including Alprazolam; he did not testify to having a Clonazepam prescription.

The jury found Gordon guilty on both counts of unlawful possession of a controlled substance. Gordon appeals.

## ANALYSIS

Gordon argues that Nelson provided ineffective assistance because he did not communicate with Currie and failed to investigate the prospect of a valid prescription defense. We disagree. Gordon does not demonstrate that Nelson provided ineffective assistance because he does not show that defense counsel performed deficiently.

### I. INEFFECTIVE ASSISTANCE OF COUNSEL: STANDARD OF REVIEW

To demonstrate ineffective assistance of counsel, a defendant must show that (1) his lawyer's representation was deficient and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Representation is deficient if it falls below an objective standard of reasonableness based on consideration of all the circumstances. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We review trial counsel's reasonableness based on all of the circumstances of the case at the time of the counsel's alleged deficient performance. *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991), *cert. denied*, 506 U.S. 856 (1992). Prejudice occurs when but for counsel's deficient performance, the result of the proceeding would have been different.

*McFarland*, 127 Wn.2d at 335. If a party fails to satisfy either prong of the test for ineffective assistance of counsel, we need not consider both prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

We are highly deferential to counsel's performance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Tactical decisions cannot form the basis for an ineffective assistance of counsel claim. *McFarland*, 127 Wn.2d at 336.

## II. TRIAL COUNSEL'S PERFORMANCE

Because we examine the circumstances of the case at the time of counsel's allegedly deficient performance, *Lord*, 117 Wn.2d at 883, we must first identify the point at which Nelson's performance is alleged to have fallen below the objective reasonableness standard. Gordon emphasizes Nelson's failure to conduct pretrial due diligence from the time of Nelson's appointment through the trial's start. Accordingly, we must examine what Nelson knew or should have known from the time of his appointment until trial to determine whether his performance amounted to ineffective assistance.

Pretrial, with Currie as his attorney, Gordon committed to pursuing an unwitting-possession defense and not a valid-prescription defense. Then Nelson replaced Currie as Gordon's counsel, and Nelson said he could not speak with Currie regarding Gordon's case because of a conflict. Nelson also attempted to negotiate a plea. Based on the record he inherited when the trial court appointed him to represent Gordon, Nelson understood that Gordon intended to pursue an unwitting-possession defense. During the combined CrR 3.5 and 3.6 pretrial hearing, and then at trial, Officer Feist testified that Gordon told him that he had no valid

4

prescriptions for any schedule narcotics. On this pretrial record, Nelson had no reason to believe that Gordon sought a valid-prescription defense or had any grounds to do so. Thus, Gordon fails to show that Nelson's pretrial performance was deficient.

It appears, on the record before us, that Gordon did not inform Nelson of the possibility of a valid prescription defense until the close of proceedings on the second to last day of the evidentiary portion of the trial. Gordon participated in plea negotiations, sat through the pretrial hearing during which the State presented testimony that Gordon acknowledged having no valid prescriptions for these medications, and observed most of the trial before alerting Nelson to the possibility of a valid prescription defense. Nothing else in the record from the time of Nelson's appointment until the start of trial showed that Gordon claimed to have a valid prescription for these medications.

Moreover, an unwitting-possession defense is irreconcilable with a valid-prescription defense, and because Nelson planned, pretrial, to pursue an unwitting-possession defense, he would have had no reason to further investigate Gordon's prescription history. If Gordon had a valid prescription, presumably, he would know that he was carrying his prescribed medications. Nelson would have no reason to believe that, if Gordon claimed unwitting possession, he actually had a valid prescription. Therefore, not only does Nelson enjoy the discretion to choose what defense strategies to pursue, *see McFarland*, 127 Wn.2d at 336, Nelson reasonably pursued an unwitting-possession defense, rather than a valid-prescription defense that lacked evidentiary support. Ultimately, Gordon does not demonstrate that Nelson acted deficiently. Because Gordon does not establish the deficiency prong, we need not consider the prejudice prong. *See Foster*, 140 Wn. App. at 273.

No. 43236-6-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Penoyar, J.

Bjorgen, J.